J. A20013/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANUVIA DEVELOPMENT CORP. | : | |
| AND NICHOLAS KOVACS | : | |
| | : | |
| APPEAL OF:  NICHOLAS KOVACS, | : | No. 2133 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order, June 18, 2013,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. October 2007 No. 4671

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 17, 2014**

Appellant appeals the denial of his petition to set aside a sheriff's sale that occurred on November 17, 2011.  We affirm the denial of the petition based on the trial court's opinion, filed August 14, 2013, which found the petition untimely and also that no evidence was introduced by appellant to establish the inadequacy of the purchase price at sheriff's sale.  To the extent appellant raises notice and tax assessment issues on appeal, they are deemed waived.

Order affirmed.

J. A20013/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | SUPERIOR COURT |
| Petitioner | : | 2133 EDA 2013 |
| | : | |
| v. | : | COMMON PLEAS |
| | : | 071004671 |
| | : | |
| | : | |

City Of Phila Vs Danuvia Development Corp Et OPFLD

07100467100044

DANUVIA DEVELOPMENT CORP,
NICHOLAS KOVACS
Respondents

OPINION

ELLEN CEISLER, J.                                    DATE: August 13, 2013

## I.    PROCEDURAL HISTORY & FACTS

The instant appeal was filed by Appellant/Respondent Nicholas Kovacs (hereinafter "Appellant"), in response to this Court's June 18, 2013 Order denying Appellant's Emergency Petition to Set Aside Sheriff's Sale.

The matter was initiated on November 1, 2007, when the City of Philadelphia filed a Petition For Rule to Show Cause Why Property (203 Mt. Vernon Street) Should Not Be Sold Free and Clear of All Liens and Encumbrances. The Petition stated that the owners of this property were ten years delinquent in their real estate taxes - owing a total of $103,650.54. Motion for Reconsideration at ex. A. The official deed named Appellant and Danuvia Development Corporation as record owners of the property, with David Mermelstein listed as a trustee. Id.

The property was scheduled for Sheriff's Sale on June 26, 2008. Prior to the sale, on June 25, 2008 Common Pleas Court Judge Gary DiVito granted Appellant's emergency motion to postpone the sale. The property was subsequently rescheduled for Sheriff's Sale on November

1

)] 1 and sold to a third party for $220,000. The deed to the subject property was delivere... to the third party purchaser on February 7, 2012.

On June 18, 2013, nearly **twenty months** after the Sheriff's Sale, the Appellant filed an Emergency Petition to Set Aside the Sheriff's Sale, asserting that the sale price at sheriff's sale was much lower than the fair market value of Subject Property. Emergency Petition to Set Aside the Sheriff's Sale at 1. Appellant asserted that when he put his own for-sale sign on the property, he received a dozen offers close to $400,000.[1] Id. This Court denied Appellant's Emergency Petition to Set Aside the Sheriff's Sale the same day it was filed. Appellant appealed this Court's ruling to the Superior Court on July 1, 2013.

## II. DISCUSSION

This Court respectfully requests that the instant appeal be denied for the following reasons:

1. The Emergency Petition to Set Aside the Sheriff's Sale was untimely.
2. Assuming, *arguendo*, that the Petition to Set Aside Sheriff's Sale was filed in a timely fashion, Appellant failed to establish that the sale price was grossly inadequate.

Pa.R.C.P. 3132 permits a party in interest to challenge a sheriff's sale only "before the delivery of the personal property or the sheriff's deed to real property." It is well established that "a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered." Mortgage Electronic Registration Systems, Inc. v. Raloch, 982 A.2d 77, 80 (Pa. Super. Ct. 2009) (finding that a petition to set aside a sheriff's sale was untimely when filed more than two months after the acknowledgement of a deed). A petition that is filed after the delivery of the deed to the purchaser will, in most situations, be precluded because it is untimely. First Federal Sav. Bank of Delaware v. CPM Energy Systems, Corp., 619 A.2d 371, 374 n.3 (Pa. Super. Ct. 1993). The only exception to this rule, through which a post-delivery petition may be granted, is where the petitioner raises allegations of fraud or argues that there was no authority to sell the at-issue property. Workingman's Savings and Loan Ass'n of

---

[1] Appellant further explained that he could not currently afford another home, and did not have anywhere to stay should he be forced from Subject Property.

2

D    :ood Corp. v. Kestner, 652 A.2d 327, 328 (Pa. Super. Ct. 1994). Regardless of whether _ petition to set aside sheriff's sale is filed before or after delivery of the deed, the burden of proof rests upon the petitioner to show, through clear-and-convincing evidence, that the circumstances justify granting the requested relief. Jefferson Bank v. Newton Assocs., 686 A.2d 834, 838 (Pa. Super Ct. 1996).

In the instant matter, over sixteen months elapsed since the deed to the subject property was delivered to the purchaser on February 7, 2012, while the Sheriff's sale of the property occurred nearly twenty months before Appellant filed his Petition. Appellant does not allege fraud or a lack of authority to conduct the aforementioned sale, and is precluded from challenging the Sheriff's sale.

Assuming, *arguendo*, that the Petition to Set Aside the Sheriff's Sale was timely filed, Appellant still failed to establish a sufficient basis to set aside the Sheriff's Sale. When proper cause is shown, a court may exercise its equitable principles and set aside a sheriff's sale. Pa.R.C.P. 3132; Merrill Lynch Mortgage Capital v. Steele, 859 A.2d 788, 792 (Pa. Super. Ct. 2004); Bank of America, N.A. v. Estate of Hood, 47 A.3d 1208, 1211 (Pa. Super. Ct. 2012). The court hearing such a petition is given vast discretion in its rulings, and those rulings will not be reversed on appeal unless there is a clear abuse of discretion by the lower court. The Philadelphia Nat'l Bank v. New Ideas Enter., Inc., 227 A.2d 874 (Pa. 1964); Kaib v. Smith, 684 A.2d 630, 631-32 (Pa. Super. Ct. 1996).

Although gross inadequacy of the sale price can be proper grounds to set aside a sheriff's sale, an allegation of gross inadequacy must be supported by competent evidence. *See* Continental Bank v. Frank, 495 A.2d 565, 569 (Pa. Super. Ct. 1985) (allegation of gross inadequacy was rejected because Respondent failed to support their claim with an accurate appraisal by experts or through other, competent evidence); J.B. Van Scriver Co. v. Smith, 477 A.2d 550, 552 (Pa. Super. Ct. 1984) (blanket assertion of property's value, absent any supporting evidence, was not sufficient to support a petition to strike a sheriff's sale). Merely asserting the value of the property in question is not enough to establish gross inadequacy of sale price. Id.; W. Sav. Fund Soc'y v. Wytish, 68 Pa. D. & C.2d 104, 106 (Pa. Com. Pl. 1974).

3

In the instant matter, Appellant's sole argument in his Petition to Set Aside the Sheriff's Sale is that the sale price was grossly inadequate, yet Appellant failed to produce any competent evidence establishing the gross inadequacy of this sale price, nor anything supporting the contention that he received multiple offers for subject property that greatly exceeded the sale price. As such, this Court properly denied Appellant's Petition to Set Aside Sheriff's Sale.

## III.   CONCLUSION

For the aforementioned reasons, this Court respectfully requests that the instant appeal be denied.

BY THE COURT:

Ellen Ceisler
_____
                                    J.